1
2
3
4
5
6

Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

7
8

*Attorneys for Plaintiffs and Others Similarly Situated*

9
10

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sandra Medina, individually and on behalf of others similarly situated, and on behalf of the general public, | **Case No.** __8:21-cv-01338__ |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF** |
| v. | |
| Evolve Mortgage Services, LLC, | **(1)  Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*)** |
| Defendant. | |
| | **(2)  Failure to Pay Overtime Compensation in Violation of California Law (Lab. Code §§ 510, 1194, and 1198, and IWC Wage Order(s))** |
| | **(3)  Failure to Pay Proper Meal Period Premiums (Cal. Lab. Code §§ 226.7, 512, and IWC Wage Order)** |
| | **(4)  Failure to Provide Itemized Wage Statements (Lab. Code § 226)** |
| | **(5) Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties in Violation of Labor Code §§ 201-203;** |

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**(6)  Violation of California Business and Professions Code § 17200 *et seq.***

## PRELIMINARY STATEMENT

1.      This is a putative class and collective action brought by individual and representative Plaintiff Sandra Medina, on behalf of herself and the proposed California Class and nationwide FLSA Collective.  Plaintiff and the putative class members are or were employed by Defendant Evolve Mortgage Services, LLC ("Defendant") as non-exempt employees eligible for commission or other non-discretionary incentive pay and were denied proper compensation as required by federal and state wage and hour laws.  These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure.

2.      The FLSA Collective is made up of all persons who Defendant employed as non-exempt employees eligible for commission or other non-discretionary incentive pay, at any time within three years prior to this action's filing date through the trial of this action (the "Collective Period").

3.      The California Class is made up of all persons who Defendant employed as non-exempt employees eligible for commission or other non-discretionary incentive pay, in the state of California at any time within four years prior to this action's filing date through the trial of this action (the "California Class Period").

4.      During the Collective Period, Defendant improperly calculated non-exempt employees' regular rate of pay, and therefore failed to pay proper overtime compensation to Plaintiff and each member of the FLSA Collective as required by federal law.  Plaintiff seeks relief for herself and for the FLSA Collective under the FLSA to remedy Defendant's failure to pay appropriate overtime compensation.

5.      During the California Class Period, Defendant improperly calculated

non-exempt employees' regular rate of pay, and therefore failed to pay overtime compensation and meal period premiums to Plaintiff and each member of the California Class as required by California law. As a result of this failure to pay proper overtime and meal period premiums, Defendant failed to pay all wages due at separation.  Defendant also failed to provide complete and accurate wage statements.  Plaintiff seeks relief for herself and the California Class under California law to remedy Defendant's failure to pay appropriate overtime and premium pay, to promptly pay all wages at the time of separation, and to provide accurate wage statements, in addition to equitable and injunctive relief.

## THE PARTIES

6.     Individual and representative Plaintiff Sandra Medina ("Plaintiff") is an individual residing in California.  Defendant employed her as a mortgage underwriter from approximately August of 2020 until approximately February of 2021.  Plaintiff worked remotely from her home in Orange County, California.

7.     Evolve Mortgage Services, LLC is a full-service, onshore provider of outsourced mortgage services and technologies.  It provides origination and post-closing services, institutional, whole loan, and servicing acquisition due diligence, collateral recovery, HMDA and forensic compliance reviews, whole loans sales, agency deliveries, and securitizations.

8.     Defendant's gross annual sales made or business done has been $500,000.00 or greater at all times relevant herein.  Defendant operates in interstate commerce by performing its services throughout the United States.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. §§ 201 *et seq*.  Plaintiff has signed a consent form to join this lawsuit, which is attached as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as opt-in plaintiffs.  This Court also has supplemental jurisdiction over Plaintiff's

1  California state law claims pursuant to 28 U.S.C. § 1367.

2       10.    Venue is proper in the United States District Court, Central District of

3  California pursuant to 28 U.S.C. § 1391, because Plaintiff worked and resides in

4  Orange, California (Orange County), and because a substantial part of the events

5  giving rise to the claims occurred in this district.  This case is properly assigned to

6  the Southern Division of the Central District.

7  **FACTUAL ALLEGATIONS**

8       11.    During the applicable statutory period, Plaintiff, the FLSA Collective,

9  and California Class worked as non-exempt employees for Defendant.  Defendant

10  employed Plaintiff within the meaning of the FLSA and California law.

11       12.    Plaintiff, the FLSA Collective, and California Class are or were non-

12  exempt employees eligible for overtime pay. Defendant paid Plaintiff a per file

13  production payment using a points-based schedule (e.g., $55 per file for the first 5

14  files completed per day and $75 per file for additional files completed in a day).

15  Defendant extracted Plaintiff's $13.00 hourly rate payment from the production

16  payment, and paid the rest of the production payment as commission earnings.

17  Defendant described Plaintiff's pay as follows:

18  **Compensation**

19  As an hourly employee, your compensation will be at an hourly rate of $13.00, paid bi-weekly. You
20  will be paid a per file production, as outlined in the Compensation Schedule.  Your hourly rate
    earnings will be extracted from your total file production logged during the pay period and paid
21  as "regular earnings" and remaining file production will be paid as "commission".

22       13.    The FLSA and California law require covered employers, such as

23  Defendant, to compensate all non-exempt employees such as Plaintiff, and others

24  similarly situated, at a rate of not less than 1.5 times their regular rate of pay, for

25  work performed in excess of 40 hours per workweek (state and federal law) and/or

26  eight (8) hours per day (state law).

27       14.    Under state and federal law, an employee's "regular rate" of pay is not

28  limited to an employee's hourly rate. The "regular rate" also includes an hourly rate

-4-

1    derived from non-discretionary incentive compensation (i.e., a "commission"

2    payment).

3         15.    For purposes of federal law, the regular rate on non-discretionary

4    incentive compensation is determined by dividing the payment by the total number

5    of hours worked during the period in which that compensation was earned.

6    Overtime is due at one-half that rate for all overtime hours worked that period. This

7    overtime pay is in addition to the overtime pay based on the employee's hourly rate.

8         16.    For purposes of California state law, the regular rate on additional non-

9    discretionary incentive compensation is determined by dividing the payment by the

10   total number of non-overtime hours worked during the period in which that

11   compensation was earned. Overtime is due at one and one-half times that rate for

12   overtime hours worked (and twice that rate for double-time hours worked). This

13   overtime pay is in addition to the overtime pay based on the employee's hourly rate.

14        17.    Defendant paid overtime pay to Plaintiff, the FLSA Collective and the

15   California Class based on employees' hourly rate only, without calculating the

16   regular rate based on all non-discretionary incentive pay. Because Defendant

17   miscalculated the regular rate, Defendant suffered and permitted Plaintiff, the

18   FLSA Collective, and California Class to work more than 40 hours per week and/or

19   eight (8) hours per day without receiving proper overtime pay.

20        18.    For example, in the pay period ending November 13, 2020, Defendant

21   paid Plaintiff $5,363.03 in commissions.  During this same pay period, Plaintiff

22   worked 10.87 hours of overtime. Defendant paid Plaintiff 1.5 times her $13 hourly

23   rate for these overtime hours, but did not include any additional overtime pay

24   resulting from the commission payment. *See* Exhibit B p. 7.

25        19.    Plaintiff sometimes worked more than 5 hours without an

26   uninterrupted 30 minute meal period. When this occurred, Defendant paid Plaintiff

27   her regular hourly rate for missed meal period occurrences. *See* Exhibit B p. 11

28

1   (pay period ending Sept. 18, 2020). Defendant did not include commission earnings
2   in the regular rate for purposes of calculating missed meal period premiums.

3       20.     Defendant's policy and practice of failing to include non-discretionary
4   incentive earnings when calculating the regular rate of pay deprived Plaintiff, and
5   others similarly situated, of the proper overtime wages guaranteed by law.

6       21.     Defendant's policy and practice of failing to include non-discretionary
7   incentive earnings when calculating the regular rate of pay deprived Plaintiff and
8   California Class Members of the proper meal period premiums guaranteed by law.

9       22.     Plaintiffs and those similarly situated worked in excess of forty (40)
10  hours per week and/or eight (8) hours per day for Defendant on one or more
11  occasions without receiving proper overtime pay.

12      23.     Because Defendant did not pay Plaintiff and other non-exempt
13  employees at the appropriate overtime and meal premium rates, Defendant's wage
14  statements did not accurately reflect all rates of pay, and did not correctly itemize
15  the hours worked at each rate of pay.

16      24.     Plaintiff's employment with Defendant ended in February of 2021.
17  However, Defendant failed to pay all wages that were due at that time, including
18  legally required overtime and meal period premiums at the appropriate rate.  More
19  than 30 days have passed since the end of Plaintiff's employment, and Defendant
20  still has not paid all wages that are due and owing.

21      25.     Defendant's unlawful conduct has been widespread, repeated, and
22  consistent.

23      26.     Defendant's conduct, as set forth in this Complaint, was willful,
24  knowing and intentional, and in bad faith.  Defendant operated under a scheme that
25  has caused significant damages to Plaintiff and the similarly situated individuals.

26                    **COLLECTIVE ACTION ALLEGATIONS**

27      27.     Plaintiff brings this action on behalf of herself and other similarly
28  situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The

1   employees similarly situated are as follows:

2   **FLSA Collective:**    All Persons who Defendant employed as non-exempt
3                           employees eligible for commission or other non-
4                           discretionary incentive pay within the United States
5                           within the period starting three years prior to the filing
6                           of the initial complaint in this action until trial of this
7                           action.

8   28.    Defendant operated under a scheme to deprive these employees of
9   overtime compensation by failing to properly compensate them for all hours
10  worked.

11  29.    Defendant is liable under the FLSA for failing to properly compensate
12  Plaintiffs and the FLSA Collective, and as such, notice should be sent to the FLSA
13  Collective.  There are numerous similarly situated current and former employees of
14  Defendant who have been denied overtime pay in violation of the FLSA who would
15  benefit from the issuance of Court-supervised notice of this lawsuit and the
16  opportunity to join.  Those similarly situated employees are known to Defendant
17  and are readily identifiable through Defendant's records.

18  **CLASS ACTION ALLEGATIONS**

19  30.    Plaintiff brings this action on behalf of herself and as a class action on
20  behalf of all similarly situated employees.  The California Class is defined as
21  follows:

22  **California Class:**   All current and former non-exempt employees eligible for
23                          commission or other non-discretionary incentive pay
24                          employed by Defendant in the state of California at any
25                          time starting four years prior to the filing date of this
26                          complaint, through the date of trial.

27  31.    This action is properly brought as a class action pursuant to the class
28  action procedures of Rule 23 of the Federal Rules of Civil Procedure.

-7-

32.     The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are more than forty (40) class members.

33.     This litigation is properly brought as a class action because of the existence of questions of fact and law common to Plaintiff and other members of the class which predominate over any questions affecting only individual members, including:

a.     Whether Defendant is liable to members of the class described above for violations of the applicable labor codes;

b.     Whether Defendant improperly calculated the regular rate for purposes of overtime payments to members of the class described above;

c.     Whether Defendant improperly calculated the regular rate for purposes of meal period premium payments to members of the class described above;

d.     Whether Defendant knowingly and intentionally failed to provide accurate wage statements;

e.     Whether Defendant willfully failed to pay all wages due at termination; and

f.     Whether Defendant engaged in unfair competition.

34.     This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the class members, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein.

35.     Like all class members, Plaintiff was damaged by Defendant's system-wide policies and practices of improperly calculating the regular rate, failing to provide compliant wage statements, and failing to pay all wages due at separation from employment, thus giving rise to legal remedies under the California Labor Code.

36.     Plaintiff has no interests antagonistic to the interests of other class members.

37.     Plaintiff is committed to the vigorous prosecution of this action and retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is adequate and will fairly and adequately protect the interests of the class.

38.     A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

39.     Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the classes, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests. Plaintiff anticipates there will be no difficulty in the management of this litigation. This litigation presents claims under applicable Labor Code provisions of a type that have often been prosecuted on a class wide basis, and the manner of identifying the class members and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

## **FIRST CLAIM FOR RELIEF**

## **FAILURE TO PAY OVERTIME UNDER THE FLSA**

### 29 U.S.C. §§ 201 *et seq.*

(On Behalf of Plaintiff and the FLSA Collective)

40.     Plaintiff and the FLSA Collective allege and incorporate by reference the allegations in the preceding paragraphs.

41.     At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant employed

1    employees, including Plaintiff and each member of the FLSA Collective.

2        42.    Plaintiff consents in writing to be a part of this action, pursuant to 29

3    U.S.C. § 216(b).  As this case proceeds, it is likely that other individuals will sign

4    consent forms and join as plaintiffs.

5        43.    The FLSA requires all covered employers, such as Defendant, to

6    compensate all non-exempt employees at a rate of not less than one and one-half

7    times their regular rate of pay for work performed in excess of forty hours per work

8    week.

9        44.    The regular rate of pay is not limited to hourly pay, but also includes

10   the rate derived from non-discretionary incentive payments such as commissions.

11       45.    Plaintiff and the FLSA Collective are entitled to be paid overtime

12   compensation, at the proper rate, for all hours worked.  By miscalculating the

13   regular rate and failing to compensate Plaintiff and the FLSA Collective proper

14   overtime compensation, Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq*.

15       46.    The foregoing conduct, as alleged, constitutes a willful violation of the

16   FLSA, within the meaning of 29 U.S.C. § 255(a).

17       47.    Plaintiff, on behalf of herself and the FLSA Collective, seeks damages

18   in the amount of all unpaid overtime compensation owed to herself and the FLSA

19   Collective, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b),

20   interest, and such other legal and equitable relief as the Court deems just and

21   proper.

22       48.    Plaintiff, on behalf of herself and the FLSA Collective, seeks recovery

23   of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29

24   U.S.C. § 216(b).

25   //

26   //

27   //

28   //

**SECOND CLAIM FOR RELIEF**

**FAILURE TO PAY OVERTIME UNDER CALIFORNIA LAW**

Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194, 1198

(On Behalf of Plaintiff and the California Class)

49.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

50.     At all times relevant to this action, Plaintiff and members of the California Class were employed by Defendant within the meaning of the California Labor Code.

51.     By the course of conduct set forth above, Defendant violated Cal. Labor Code §§ 510, 1194, and 1198.

52.     The California Labor Code and relevant Wage Order(s) require employers, such as Defendant, to pay overtime compensation to all non-exempt employees. Overtime must be paid at 1.5 times the employee's regular rate for all hours over 8 in day, 40 in a week, and up to 8 on the seventh consecutive day of work. Overtime must be paid at 2 times the employee's regular rate for all hours over 12 in a day and over 8 on the seventh consecutive day of work.

53.     The regular rate of pay is not limited to hourly pay, but also includes the rate derived from non-discretionary incentive payments such as commissions.

54.     Plaintiff and members of the California Class were non-exempt employees entitled to be paid proper overtime compensation for all overtime hours worked.

55.     During the relevant statutory period, Plaintiff and Class Members worked in excess of eight (8) hours in a work day and/or forty (40) hours in a work week for Defendant.

56.     During the relevant statutory period, Defendant had a policy and practice of miscalculating the regular rate of pay, thereby failing and refusing to pay proper overtime pay to Plaintiff and members of the California Class for

-11-

1  overtime hours worked.

2  57. As a result of Defendant's failure to pay wages earned and due,

3  Defendant violated the California Labor Code.

4  58. As a direct and proximate result of Defendant's unlawful conduct, as

5  set forth herein, Plaintiff and the California Class have sustained damages,

6  including loss of earnings for hours of overtime worked on behalf of Defendant,

7  prejudgment interest, and attorneys' fees and costs.

8  **THIRD CLAIM FOR RELIEF**

9  **FAILURE TO PAY PROPER MEAL PERIOD PREMIUMS**

10  Cal. Wage Order No. 4; Cal. Labor Code §§ 226.7 *et seq.*, 512

11  (On Behalf of Plaintiff and the California Class)

12  59. Plaintiff alleges and incorporates by reference the allegations in the

13  proceeding paragraphs.

14  60. California Labor Code § 512 and the Wage Order 4 prohibit an

15  employer from employing an employee for a work period of more than five hours

16  per day without providing the employee with a meal period of not less than 30

17  minutes, or for a work period of more than 10 hours per day without providing the

18  employee with a second meal period of not less than 30 minutes.

19  61. California Labor Code § 226.7 prohibits any employer from requiring

20  any employee to work during any meal period mandated by an applicable IWC

21  wage order, and provides that an employer that fails to provide an employee with a

22  required meal period shall pay that employee one additional hour of pay at the

23  employee's regular rate of compensation for each work day that the employer does

24  not provide a compliant meal period.

25  62. The regular rate of pay for meal period premium payments includes

26  the regular rate derived from non-discretionary incentive payments.

27  63. Defendant paid meal period premiums to Plaintiff and the California

28  Class at their hourly rate, without including non-discretionary incentive pay in its

-12-

1    calculation of the regular rate. Plaintiff and Class Members are therefore entitled to

2    payment of the meal period premiums at the proper regular rate, as provided by

3    law.

4                          **FOURTH CLAIM FOR RELIEF**

5    **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

6                              Cal. Labor Code § 226

7                     (On Behalf of Plaintiff and the California Class)

8           64.    Plaintiff alleges and incorporates by reference the allegations in the

9    preceding paragraphs.

10          65.    Defendant knowingly and intentionally failed to provide Plaintiff and

11   the California Class with timely, accurate, itemized wage statements showing all

12   items required pursuant to California Labor Code § 226(a), including, but not

13   limited to, the proper rates of pay and hours worked at each rate of pay.

14          66.    Pursuant to Labor Code section 226(e)(2), Plaintiffs and members of

15   the California Class suffered injury because, due to Defendant's failure to provide

16   the required information, Plaintiffs and Class Members could not promptly and

17   easily determine, among other things, their rates of pay and hours worked at each

18   rate of pay.

19          67.    Plaintiff, individually and on behalf of the California Class, are

20   entitled to and do seek injunctive relief requiring Defendant to comply with Labor

21   Code § 226(a) and further seek the amount provided under Labor Code § 226(e),

22   including the greater of all actual damages or fifty dollars ($50) for the initial pay

23   period in which a violation occurs and one hundred dollars ($100) for each

24   violation in a subsequent pay period, plus attorneys' fees and costs.

25   //

26   //

27   //

28   //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTH CLAIM FOR RELIEF**

**WAITING TIME PENALTIES**

California Labor Code §§ 201-203

(On Behalf of Plaintiff and the California Class)

68.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

69.     California Labor Code sections 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code section 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

70.     Plaintiff and other Class Members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation, more than 72 hours after the cessation of their employment.

71.     Defendant failed to pay the earned and unpaid wages of Plaintiff and Class members within 30 days from the time such wages should have been paid under Labor Code sections 201 and 202.

72.     Defendant willfully failed to timely compensate Plaintiff and other Class Members at the proper overtime rate for overtime hours worked.  As a result, Defendant is liable to Plaintiff and other Class members whose employment ended within the year prior to the initial filing of this suit for waiting time penalties under California Labor Code section 203.

//

//

//

//

//

-14-

## SIXTH CLAIM FOR RELIEF

## CALIFORNIA UNFAIR COMPETITION LAW

Cal. Bus. & Prof. Code §§ 17200 *et seq.*

(On Behalf of Plaintiff and the California Class)

73.  Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

74.  The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

75.  Beginning at a date unknown to Plaintiff, at least as long ago as the year 2017, Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiff and Class Members by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and Class Members.

76.  Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

        A.  Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

        B.  California Labor Code §§ 510, 1194, & 1198

        C.  California Labor Code § 226.7 & 512

        D.  IWC Wage Order 4

77.  Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

78.     The harm to Plaintiff and Class Members in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

79.     Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff is entitled to restitution of the overtime earnings, meal period premiums, and other unpaid wages alleged herein that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendant to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all members of the FLSA Collective, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.     Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.     Judgment against Defendant for violation of the overtime provisions of the FLSA;

D.     Judgment that Defendant's violations as described above were willful;

E.     An award in an amount equal to Plaintiff's and the Collective's unpaid back wages at the correct overtime rate;

F.    An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

G.    An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

H.    An award of prejudgment interest to the extent liquidated damages are not awarded;

I.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

WHEREFORE, Plaintiff, on behalf of herself and the California Class, prays for additional relief as follows:

A.    That the Court determine that this action may be maintained as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure.

B.    That Plaintiff be designated as the representative of the Rule 23 California Class, and Plaintiff's Counsel be designated as Class Counsel.

C.    Unpaid overtime wages and meal period premiums, other due wages, and injunctive relief, pursuant to California law;

D.    Appropriate equitable relief to remedy Defendant's violations of state law;

E.    Appropriate statutory penalties;

F.    An award of damages and restitution to be paid by Defendant according to proof;

1
2
     G.     Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor Code §§ 1194 and 226, and Cal. Code of Civil Procedure § 1021.5;

3
4
     H.     That Defendant be further enjoined to cease and desist from the unlawful activities in violation of the state laws cited above;

5
6
     I.     Pre-judgment and post-judgment interest, as provided by law; and

7
     J.     Such other equitable relief as the Court may deem just and proper.

8
Dated:  August 13, 2021       **NICHOLS KASTER, LLP**

9
       By:   <u>s/ Matthew C. Helland</u>

10
             Matthew C. Helland

11
       Attorney for Plaintiff and Others Similarly Situated

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF